UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK L. CAMBRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-cv-494-NAB |
| v. | ) |
| | ) |
| O'FALLON POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Patrick L. Cambron for leave to proceed herein *in forma pauperis*. The motion will be granted, and the complaint will be dismissed.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

The complaint consists of a series of disjointed, vague, and conclusory statements. The allegations appear to stem from incidents that occurred in plaintiff's home and in municipal court. Named as defendants are the O'Fallon Police Department, the St. Charles County Circuit Court, the O'Fallon Courts, and eight individuals. Plaintiff does not identify any of the individuals as state actors.

The complaint spans 31 pages. In stating the grounds for filing this case in federal court, plaintiff writes: "I'm a military policeman who took an oath to protect and defend the constitution. I did not take an oath to protect and defend the 'locals.' Non-transparency." (Docket No. 1 at 1). Plaintiff then purports to describe events that occurred at his home:

> On September 20, 2012 with a disabled veteran license plate in my driveway. I lured the locals inside my house told them they needed a warrant to come in.

2

> Then emptied my pockets on my dresser underneath the plaque I asked my Army unit to send to me after being in a motor vehicle accident on the Autobahn. Although I asked for a warrant which is in the Bill of Rights in the Constitution of the United States I really ran in my house for federal protection which I was told I had as a disabled veteran M.P.

(*Id.* at 3).

Plaintiff also appears to describe being tased. He does not identify the individuals involved in any of the events.

The complaint continues in much the same manner, spanning a total of 31 pages. It includes many pages of plaintiff's writings about his experiences during military police school, perceived corruption in the judicial system as a whole, other court proceedings, police officers taking bribes, police training, and different surgical procedures he underwent.

The complaint is laced with profanity and threatening language. For example, plaintiff writes:

> The first crime I heard in M.P. school was that bullshit were [*sic*] the locals corner an M.P. in the house. Not a word is said but a lot of banging and your told if you become disabled you can take a bribe. I'm like, "that ain't right, that's wrong" I'll bust their ass if they pull that shit on me! Then and there I decided I would give the locals a heads up and bust them for anything they did to me that was illegitimate.

(*Id.* at 8).

Plaintiff then addresses this Court, writing:

> I made copies of this and if you don't act I will send it to the Supreme Court. I want St. Charles, O'Fallon to pay for infringing my 4th Amendment rights. I have faith that you will take immediate action.
>
> This Court will earn a spot on my list if nothing is done.
>
> . . .

> I say I'm just kidding about making copies but I'm really upset about the ignorance of the courts and the corruptness I have endured. For 24 years one month and 9 days I've waited for a situation to happen in front of my house as it did on September 20, 2012. When I saw the "locals" outside my kitchen window I knew it was on Like Donkey Kong.

(*Id.* at 21-22).

Plaintiff states that O'Fallon and St. Charles are "harboring attempted murderers" and should be prosecuted, (Docket No. 1 at 18), and that he was ordered to file the instant complaint by the United States Army. (*Id.* at 19).[1]

For his claim for relief, plaintiff writes: "I want every officer on the scene arrested for attempted murder and failure to adhere to the first principal of police school 'Don't chase nobody in the house, they might be a disabled vet.' In military police school I said I'd give the locals a heads up and I'll bust their ass if they did anything to me." *(Id.* at 4). Plaintiff also states that he wants federal protection and a fair trial, and he seeks a monetary award of $1,000,000,000.

## Discussion

After carefully reviewing the complaint and giving it the benefit of a liberal construction, the Court concludes that it must be dismissed. The O'Fallon Police Department, the St. Charles County Circuit Court, and the O'Fallon Courts are not suable entities. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (a § 1983 suit cannot be

---

[1] In sum, plaintiff frequently uses profanity, he demands that the defendants be criminally prosecuted, he repeatedly asserts various grievances, he uses language suggesting an intent to engage in violence, and he fails to allege probative facts in support of his claims. All of this suggests that he may have filed this action in an attempt to shock and offend the Court and harass and disparage the defendants, rather than in an honest attempt to vindicate a constitutional right. The Court therefore concludes that the complaint borders on the malicious.

brought against state agency); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (a state is not a "person" under § 1983). In addition, plaintiff does not identify any of the individual defendants as state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Also, the complaint fails to set forth facts showing how each defendant was personally involved in and directly responsible for the deprivation of plaintiff's federal rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (; *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (a claim was not cognizable under § 1983 where the plaintiff failed to allege the defendant was personally involved in or directly responsible for the incidents that injured plaintiff). The Court will therefore dismiss the complaint because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, this action has no arguable basis in law or fact, and is therefore frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (an action is frivolous if it "lacks an arguable basis in either law or in fact"). The allegations in the instant complaint are clearly based upon delusion, fantasy, and irrelevant theories and beliefs about police, the Army, the judicial system, and so forth. The Court will therefore dismiss the complaint on the basis of frivolity, as well. 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (an action is

5

factually frivolous if the facts alleged are "clearly baseless" that is, "fanciful" "delusional" or "fantastic").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of February, 2017.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE